The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES & ERISA LITIGATION | No.  2:08-md-1919 MJP  <br><br>**FEBRUARY 2010 JOINT STATUS REPORT**<br><br>**(DLC-10/PLC-11)** |
| IN RE WASHINGTON MUTUAL, INC. ERISA LITIGATION<br><br>This Document Relates to:  ALL CASES | Lead Case No. C07-1874 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:  ALL CASES | Lead Case No. C08-0387 MJP |
| IN RE WASHINGTON MUTUAL, INC. CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates to:  ALL CASES | Lead Case No. C09-664 MJP |
| Sweet v. Killinger | No. C09-1718 MJP |
| Flaherty v. Killinger | No. C09-1756 MJP |

JOINT STATUS REPORT AND PROPOSALS
CONCERNING PRETRIAL SCHEDULE AND
COORDINATED DISCOVERY PROTOCOL
File No. 2:08-md-1919 MJP

1

DWT 13999162v1 0013149-000096

Pursuant to the Court's November 25, 2009 Scheduling Order [2:08-md-01919-MJP Dkt. No. 392 at 5], the parties jointly submit this status report.

A.  **Party Document Discovery Protocols**

   1.  **Securities Action**

Between November 20 and November 25, Lead Plaintiff in the Securities Action ("Lead Plaintiff") propounded its First Requests for Production of Documents on Defendant Killinger, the Officer Defendants, and the Outside Director Defendants. On January 22, 2010, these Defendants each served responses and objections to Lead Plaintiff's respective First Requests for Production of Documents. The parties expect to commence their meet and confer discussions regarding these document requests in the immediate future.

On November 18, 2009, Lead Plaintiff propounded its First Request for Production of Documents on the Underwriter Defendants. On December 21, 2009, the Underwriter Defendants served responses and objections to Lead Plaintiff's First Request for Production of Documents. Lead Plaintiff and the Underwriter Defendants are in the process of meeting and conferring regarding the scope and timing of the Underwriter Defendants' document production.

On November 25, 2009, Lead Plaintiff propounded its First Request for Production of Documents on Deloitte & Touche LLP ("Deloitte"). On January 7, 2010, Deloitte served responses and objections to Lead Plaintiff's First Request for Production of Documents. Lead Plaintiff and Deloitte are in the process of meeting and conferring regarding Lead Plaintiff's document requests. Deloitte will commence its initial production of documents the week of February 8, 2010.

On January 25, 2010, Lead Plaintiff issued subpoenas to LSI Appraisal, LLC and First American eAppraiseIT, LLC related to appraisal issues. Responses are due on February 24, 2010. The Officer Defendants subsequently served identical subpoenas which are due March 1, 2010.

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

2

On January 15, 2010, Killinger propounded his first set of interrogatories and requests for production on each of the securities plaintiffs. Responses are due on Wednesday, February 17, 2010.

### 2. ERISA Action

On January 19, 2010, the defendants served responses and objections to plaintiffs' First Interrogatories, First Requests for Admission and Third Requests for Production. On February 2, 2010, the ERISA plaintiffs served their responses and objections to the Outside Director Defendants' Defendants' First Interrogatories and First Requests for Production, and produced responsive documents. The parties are currently engaged in a meet and confer process concerning the adequacy of these respective responses. If the dispute cannot be resolved, the parties will present them to the Court for expedited resolution pursuant to the procedures set forth in Local Rule 37.

The parties are currently discussing the terms of a stipulation creating a detailed schedule for ERISA class certification discovery for submission to the Court  The parties intend to discuss this issue concurrently with the other discovery issues related to class certification.

On January 22, 2010, the defendants served a subpoena on Fidelity Management Trust Company ("Fidelity") for data in the Common Stock Fund of the Washington Mutual, Inc. Savings Plan. Fidelity's response is due on Friday, February 12, 2010.

On January 26, 2010, the Outside Director Defendants served a subpoena on JP Morgan Chase Bank, N.A. ("JPMC") regarding copies of releases by participants in the Common Stock Fund. JPMC's response is due on February 12, 2010.

On January 27, 2010, the ERISA plaintiffs served their Second Set of Interrogatories and Fourth Set of Requests for Production to all defendants. Responses are due on Monday, March 1, 2010.

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

On February 8, 2010, the ERISA plaintiffs issued subpoenas on (1) Gibson, Dunn & Crutcher LLP, and (2) Towers Watson & Co., regarding their involvement with the WaMu Savings Plan and its fiduciaries.

### 3. California Securities Litigation

The parties in the two individual actions filed by Monterey County and the City of Buenaventura (the "California Actions") are coordinating discovery efforts with the Securities Class Action. Defendants will answer or move to dismiss the consolidated complaint on February 16, 2010, pursuant to the Court's Order dated December 18, 2009. On February 5, 2010, certain of the Officer Defendants in the California Actions served their first set of document requests and interrogatories on Plaintiffs. Responses are due on March 8, 2010.

### 4. The *Flaherty* Action

On February 24, 2010, plaintiffs in *Flaherty & Crumrine Preferred Income Fund Incorporated, et al. v. Killinger, et al.,* No. C09-1756 MJP, will serve defendants with their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

### 5. The *Sweet* Action

The *Sweet* plaintiffs filed a motion asking the Court to remand the case to the Oregon state court [C09-1718 Dkt. 29 and 30]. Defendants filed an opposition to that motion [C09-1919 Dkt. 213; C09-1718 Dkt. 41]. Plaintiffs filed a reply in support of the motion to remand [C09-1919 Dkt. 419; C09-1718 Dkt. 43]. The motion is fully briefed.

### B. JP Morgan Chase Discovery Protocols

In accordance with the Court's February 2, 2010 Order, JPMC intends to produce all WaMu documents previously produced to governmental regulators but withheld in these Actions on the basis of a claim of a "bank examination" privilege by the Office of Thrift Supervision and the Office of the Comptroller of the Currency. Barring unforeseen delays, this production is expected to take place during the week of February 8, 2010. This production includes

approximately 1.8 million pages of documents and, in combination with the other documents previously produced to governmental regulators, will bring JPMC's total production to date to more than 8 million pages.

Plaintiffs' counsel and JPMC have continued to meet and confer in an effort to narrow the issues of disagreement that remain. The areas of dispute concern: (1) the identity and number of additional custodians from whom JPMC will produce documents; (2) whether and in what form JPMC will provide the parties with a privilege log (or equivalent mechanism) for the documents JPMC withholds from production based on a claim of privilege such that the parties can evaluate and, if appropriate, challenge JPMC's assertions of privilege; and (3) the amount and kind of information JPMC will provide regarding the non-Windows based electronic databases that are in JPMC's possession. Plaintiffs believe that they do not currently have sufficient information on these issues to present these disagreements to the Court for resolution. Plaintiffs expect to obtain additional information from JPMC over the coming weeks and, if necessary, will seek a deposition of JPMC pursuant to Federal Rule of Civil Procedure 30(b)(6) to obtain information necessary to further narrow the issues in dispute. To the extent these matters cannot be resolved without Court intervention, the plaintiffs and JPMC intend to present them to the Court by no later than March 4, 2010, for expedited resolution pursuant to the procedures set forth in Local Rule 37.

In addition to the above, the ERISA plaintiffs raised the following concerns with JPMC that are unique to discovery in the ERISA litigation: (1) the search terms used to generate the PSI production did not contain ERISA-specific search terms; hence the PSI production may contain few, if any, documents concerning the WaMu Savings Plan (the "Plan") or the committees that administered the Plan; and (2) a privilege log or equivalent mechanism is needed in order to determine whether allegedly privileged documents are discoverable pursuant to the fiduciary exception to the attorney-client privilege. To the extent these matters cannot be resolved without Court intervention, the parties and JPMC intend to present them to the Court by no later than

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

5

DWT 13999162v1 0013149-000096

later than March 4, 2010 for expedited resolution pursuant to the procedures set forth in Local Rule 37.

**C.     Depositions**

Under the Scheduling Order, the production of documents is scheduled to be substantially completed by September 7, 2010. Coordinated merits depositions are scheduled to begin on October 4, 2010. The parties have met and conferred regarding the appropriate deposition protocols, and agree to exceed the limits on the number of depositions as set forth in Federal Rule of Civil Procedure 30(a)(2)(A). While the current status of the MDL Actions, with document production just beginning (as explained above), makes it difficult for the parties to forecast reliably how many depositions each party will require, the parties have generally discussed the procedure for establishing limits on the number of depositions to be conducted, including whether such limits should be based on the total number of depositions, the total number of depositions days, or the total number of hours on the record. The parties have also generally discussed the appropriate time limits on each deposition. Counsel for the parties are confident that they will be able to resolve these issues when they are further along in the document production process and prior to the commencement of merits depositions on October 4, 2010.

To the extent that the parties are unable to resolve these issues, they will seek the Court's guidance in accordance with the procedure set forth above. The parties agree to continue to meet and confer in good faith to seek agreement on the appropriate number of and protocols for conducting depositions. The parties agree to complete their meet and confer no fewer than 60 days before the date established by the Court for substantial completion of written discovery. If the parties cannot reach agreement within 30 days of beginning the meet and confer process, they shall promptly present their positions using the expedited procedure set forth in Local Rule 37(a)(2)(b).

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

6

**D.      Scheduling of Depositions**

Lead Plaintiff and Defendants shall consult before noticing depositions of the parties, as well as current and former employees of the parties, and shall make reasonable efforts to schedule depositions (including third party depositions) on dates and locations convenient for the witnesses and counsel. As a general matter, Lead Plaintiff's counsel in the Securities Action shall be responsible for coordinating depositions among Plaintiffs in the Coordinated Actions, and Plaintiffs in the ERISA Action and the Coordinated Actions shall not notice or schedule any deposition without first conferring with Lead Plaintiff's counsel in the Securities Action. Likewise, as a general matter, Defendants' liaison counsel shall be responsible for coordinating depositions among Defendants in the Coordinated Actions, and Defendants in the Coordinated Actions shall not notice or schedule any deposition without first conferring with Defendants' liaison counsel. The purpose of this scheduling protocol is to facilitate and streamline the scheduling of depositions and is not intended to impact the rights of any party to notice and conduct depositions. If the counsel acting to coordinate the deposition is unable to secure the voluntary attendance of the anticipated witness (for example, former employees of the Defendants) within a reasonable period, the party that requested the deposition will be notified so that arrangements can be made for the issuance and service of a subpoena.

In addition, it is possible that due to scheduling conflicts or other unforeseen circumstances, the parties will conduct multi-tracked depositions.

**E.      Other Matters**

Flaherty Plaintiffs' Statement: On January 20, 2010, counsel for plaintiffs in *Flaherty & Crumrine Preferred Income Fund Incorporated, et al. v. Killinger, et al.,* No. C09-1756 MJP, proposed that the parties begin the mediation process and requested from defendants a list of possible mediators, as well as a date for mediation, in a good faith effort to explore early resolution of the action in light of the Court's recommendation during the January 15, 2010, status conference that the parties not delay attempting to resolve the pending actions.

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

7

Despite the *Flaherty* plaintiffs' proposal to mediate either separately or as part of a global mediation process, defendants maintain that they do not believe it would be productive to mediate the *Flaherty* action separate and apart from the other cases and have not provided a proposed list of mediators and available mediation dates.

Pursuant to Local Civil Rule 39.1(c)(1), the *Flaherty* plaintiffs request that the Court designate the *Flaherty* action, or in the alternative all related actions, for mediation.

Defendants' Statement: The Flaherty plaintiffs improperly seek to introduce the substance of settlement discussions into the record. Plaintiffs' proposal to conduct a separate mediation of their claims is unrealistic and unworkable. Further, the Flaherty plaintiffs—who have yet to file initial disclosures—identify no compelling reason for the Court to modify the mediation deadline established in November 2009, particularly at this incipient stage where defendants have yet even to respond to the amended complaint filed on January 25, 2010. Scheduling Order at 3 [Dkt. 389].

Dated: February 9, 2010                                                  Respectfully submitted,

| BYRNES & KELLER LLP | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By:  /s/ Bradley S. Keller<br>Bradley S. Keller, WSBA# 10665<br>Jofrey M. McWilliam, WSBA# 28441<br>1000 Second Avenue, Suite 3800<br>Seattle, Washington  98104<br>Tel:     (206) 622-2000<br>Fax:    (206) 622-2522<br>Email:  bkeller@byrneskeller.com<br>         jmcwilliam@byrneskeller.com<br><br>*Liaison Counsel for Plaintiffs* | By:    /s/ Stephen S. Rummage<br>Stephen M. Rummage, WSBA #11168<br>Steven P. Caplow, WSBA #19843<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington  98101-3045<br>Tel.:     (206) 757-8108<br>Fax:     (206) 757-7136<br>E-mail:  steverummage@dwt.com<br>          stevencaplow@dwt.com<br><br>*Liaison Counsel for the Defendants* |

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

DWT 13999162v1 0013149-000096

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 9th day of February, 2010.

Davis Wright Tremaine LLP

By */s/ Steven P. Caplow*

Steven P. Caplow, WSBA #19843
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
Tel:    (206) 757-8018
Fax:    (206) 757-7108
E-mail: stevencaplow@dwt.com

JOINT STATUS REPORT
File No. 2:08-md-1919 MJP

DWT 13999162v1 0013149-000096