THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL, INC.
SECURITIES, DERIVATIVE & ERISA
LITIGATION

No. 2:08-md-1919 MJP

IN RE WASHINGTON MUTUAL, INC.
CALIFORNIA SECURITIES LITIGATION

This Document Relates to:

Lead Case No. C09-664 MJP

**OUTSIDE DIRECTOR DEFENDANTS'
MOTION TO DISMISS THE
CONSOLIDATED AMENDED
COMPLAINT**

**[DD-07]**

**NOTE FOR MOTION CALENDAR:
March 29, 2010**

**ORAL ARGUMENT REQUESTED**

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED AMENDED COMPLAINT
(NO. C09-664MJP) [DD-07]

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    THE ALLEGATIONS IN THE AMENDED COMPLAINT ........................................... 3

III.   PLAINTIFFS' ALLEGATIONS AGAINST THE OUTSIDE DIRECTOR
       DEFENDANTS FAIL TO SATISFY THE PLEADING REQUIREMENTS OF
       RULE 9(b) ......................................................................................................... 6

       A.    Rule 9(b) Applies to All Claims Against the Outside Director Defendants .......... 6

       B.    None of Plaintiffs' Claims Against the Outside Director Defendants
             Satisfies the Pleading Requirements of Rule 9(b) .................................. 7

IV.    PLAINTIFFS FAIL ADEQUATELY TO ALLEGE RELIANCE................................. 13

V.     PLAINTIFFS' CALIFORNIA CORPORATIONS CODE CLAIMS SHOULD BE
       DISMISSED ..................................................................................................... 14

       A.    The Outside Directors Are Not Alleged to Be Sellers......................... 15

       B.    There is No Private Cause of Action Under Section 25403 ................. 15

VI.    CONCLUSION.................................................................................................. 16

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT (NO. C09-
664MJP) [DD-07]  – i

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 70 Cal.
    Rptr. 3d 199 (2007)..............................................................................................7, 15

*Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025 (9th Cir. 1992) ...................................14

*Bains v. Moore*, 172 Cal. App. 4th 445, 91 Cal. Rptr. 3d 309 (2009) ..........................11

*Cal. Amplifier, Inc. v. RLI Ins. Co.*, 94 Cal. App. 4th 102, 113 Cal. Rptr. 2d 915 (2001) .......7, 14

*Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 26 Cal. Rptr. 3d 401 (2005)................12

*Diaz v. Federal Express Corp.*, 373 F. Supp. 2d 1034 (C.D. Cal. 2005) .......................7

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437 (M.D. Fla. 1998) ................8

*In re Actimmune Marketing Litig.*, 614 F. Supp. 2d 1037 (N.D. Cal. 2009) .................8

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994).......................................8

*In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591 (9th Cir. 1995).........................................9

*In re Hienergy Technologies, Inc.,* No. SACV04-1226 DOC, 2005 WL 3071250 (C.D.
    Cal. 2005)............................................................................................................10

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 2d 452 (S.D.N.Y. 2006)..............11

*In re Nat. Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287 (S.D. Ohio 2007)...............9

*In re Ross Sys. Sec. Litig.*, No. C-94-0017-DLJ, 1994 WL 583114 (N.D. Cal. July 21,
    1994) ..................................................................................................................12

*In re Silicon Storage Tech., Inc. Shareholder Deriv. Litig.*, No. C 06-3359 JF (RS), 2009
    WL 1974535 (N.D. Cal. July 7, 2009).................................................................12

*In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086  (N.D. Cal. 1994), *aff'd*, 95 F.3d 922
    (9th Cir. 1996).................................................................................................9, 12

*In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, 259 F.R.D. 490 (W.D. Wash.
    2009) ................................................................................................................1, 8

*In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, Nos. 2:08-md-1919 MJP,
    C08-387 MJP, 2009 WL 3517630 (W.D. Wash. Oct. 27, 2009).............................2

*Kainos Labs., Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998 WL 2016634
    (N.D. Cal. Sept. 14, 1998) ...............................................................................7, 9

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT (NO. C09-
664MJP) [DD-07] – ii
LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Kamen v. Lindly*, 94 Cal. App. 4th 197, 114 Cal. Rptr. 2d 127 (2001) ............................. 9, 14, 15

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ......................................... 13

*Mirkin v. Wasserman*, 5 Cal.4th 1082, 23 Cal. Rptr. 2d 101 (1993) ..................................... 13, 14

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ...................................... 9

*Morfin v. Accredited Home Lenders, Inc.*, No. 09-CV-792-WQH-BLM, 2010 WL 391838
(S.D. Cal. Jan. 26, 2010)................................................................................ 9

*Murphy v. BDO Seidman LLP*, 113 Cal. App. 4th 687, 6 Cal. Rptr. 3d 770 (2003) ................... 15

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Cambridge Integrated Servs. Group, Inc.*, 171
Cal. App. 4th 35, 89 Cal. Rptr. 3d 473 (2009)..................................................... 7, 13

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................. 7

*Small v. Fritz Cos., Inc*., 30 Cal.4th 167, 132 Cal. Rptr. 2d 490 (2003)...................................... 14

*Stack v. Lobo*, 903 F. Supp. 1361 (N.D. Cal. 1995) ............................................... 10, 12

*Sunnyside Development Co., LLC v. Opsys Ltd.*, No. C 05-0553 MHP, 2005 WL 1876106
(N.D. Cal. Aug. 8, 2005)................................................................................ 11

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ......................................... 8, 9, 10

*Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2006 WL 2868967 (E.D. Cal. Oct. 6,
2006) .......................................................................................................... 8

*Valencia v. Merck & Co.*, No. 1:07-CV-003880WWGSA, 2009 WL 3365848 (E.D. Cal.
Oct. 16, 2009) ............................................................................................ 13

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ......................................... 8

*Wojtunik v. Kealy*, 394 F. Supp. 2d 1149 (D. Ariz. 2005) .......................................... 10

**Statutes**

Cal. Corp. Code § 25400......................................................................... 2, 7, 14

Cal. Corp. Code § 25403............................................................................ 3, 15

Cal. Corp. Code § 25500 ......................................................................... 14, 15

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – iii
LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

Page

**Regulations and Rules**

Fed. R. Civ. P. 8(a) ................................................................................................ 1, 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 2

Fed. R. Civ. P. 9(b) ........................................................................................... passim

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – iv
LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

The non-management directors of Washington Mutual, Inc. ("WaMu") named as defendants in this action, Stephen Frank, Thomas Leppert, Phillip Matthews, Michael Murphy, William Reed, Jr. and Orin Smith (collectively, the "Outside Director Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Consolidated Amended Complaint ("Amended Complaint" or "Am. Compl.") in *In re Washington Mutual, Inc. California Securities Litigation*, No. 2:08-md-1919 MJP, Lead Case No. C09-664 MJP (the "California Securities Litigation").

## I.    INTRODUCTION

The allegations of fact in the Amended Complaint in the California Securities Litigation are very similar—and in come cases identical—to the allegations in the extant complaint in *In re Washington Mutual, Inc. Securities Litigation*, No. 2:08-md-1919 MJP, Lead Case No. C08-387 MJP (the "Federal Securities Litigation").  It is not surprising that tag-along plaintiffs in the California Securities Litigation have adopted in wholesale fashion the allegations that this Court has found to be sufficient to state certain federal securities claims against many of the same defendants in the Federal Securities Litigation.  However, in this case the charges against the Outside Director Defendants are for California common law fraud and deceit, negligent misrepresentation and violation of the California Corporations Code.  These are not federal securities claims, and this Court's prior assessment of the sufficiency of the allegations to support federal securities claims is inapposite as applied to these fraud-based state law claims against the Outside Director Defendants.

In the Federal Securities Litigation, the only primary claim against the Outside Director Defendants is for violation of Section 11 of the Securities Act of 1933.  Although the Outside Director Defendants' motions to dismiss argued that the Section 11 claim sounded in fraud and should be analyzed for compliance with the heightened pleading requirements of Federal Rule of Civil Procedure ("Rule") 9(b), this Court concluded that the Section 11 allegations would be tested by, and were sufficient under, the Rule 8(a) standard.  *See In re Washington Mutual, Inc.*

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT  (NO. C09-664MJP)
[DD-07] – 1
LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Sec., Deriv. & ERISA Litig.*, 259 F.R.D. 490, 503-04, 505 n.11 (W.D. Wash. 2009); *In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, Nos. 2:08-md-1919 MJP, C08-387 MJP, 2009 WL 3517630, at *18 (W.D. Wash. Oct. 27, 2009).  With respect to claims under the Securities Exchange Act of 1934 against the Outside Director Defendants in the Federal Securities Litigation, only Section 20(a) control person claims are asserted, and this Court held that such claims, as well as control person claims under Section 15 of the Securities Act of 1933, were sufficiently pled under the standards set by Rule 8(a).  *Id.*

The Amended Complaint alleges causes of action against the Outside Director Defendants for intentional fraud, negligent misrepresentation and violation of the California Corporations Code, all of which are unquestionably fraud-based claims which must satisfy the detailed pleading requirements of Rule 9(b) when brought in federal court.  The claims against the Outside Director Defendants in the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because:  (1) plaintiffs have failed to satisfy the requirements of Rule 9(b); (2) plaintiffs have failed to satisfactorily plead justifiable reliance; and (3) the claims under the California Corporations Code are not sufficiently plead or do not exist.

The Amended Complaint contains nothing more than general position-based allegations against the Outside Director Defendants which offer no specificity as to these defendants as a group, let alone each of the Outside Director Defendants individually.  The Amended Complaint therefore fails to plead its fraud-based claims against the Outside Director Defendants with the particularity required by Rule 9(b) and should be dismissed.  In addition, the Amended Complaint fails to sufficiently plead the element of justifiable reliance as required for the California common law claims of intentional fraud and negligent misrepresentation.

Finally, plaintiffs fail to state California statutory claims because the causes of action do not apply to the Outside Director Defendants.  Plaintiffs' claim under California Corporations Code Section 25400 applies only to individuals who personally purchase or sell securities, and plaintiffs do not allege that any of the Outside Director Defendants sold any WaMu securities

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 2

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

during the relevant time period.  In addition, plaintiffs attempt to impose liability on the Outside Director Defendants under California Corporations Code Section 25403, but there is no private cause of action under that section.

## II.     THE ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiffs Lou Solton, Treasurer of Monterey County, California (the "County"), and the City of San Buenaventura (the "City") are or represent California public entities that allegedly purchased WaMu notes and suffered damages as a result.  Am. Compl. ¶¶ 60, 284, 312.  On July 11, 2007, the County "purchased a substantial interest in a WaMu note" with a May 1, 2009 maturity date.  Am. Compl. ¶ 60.  The City "purchased a substantial interest in a WaMu note, with a maturity date on June 15, 2011."  Am. Compl. ¶ 284.  The Amended Complaint fails to allege any details regarding plaintiffs' alleged purchases of these promissory notes.  The Amended Complaint contains no allegations regarding how plaintiffs purchased the promissory notes, from whom, or for what amounts.  Further, the Amended Complaint contains no allegations that the Outside Director Defendants were sellers or were in any way involved in the sale process.  The County allegedly sold its note at a loss, although the Amended Complaint does not disclose the date on which the County sold its interest in the note or the amount of the alleged loss.  Am. Compl. ¶¶ 60, 312.  The City continues to hold the substantial interest in the note it purchased and its investment has allegedly declined in value.  Am. Compl. ¶ 312.

On March 6, 2009, the County filed a complaint in California Superior Court alleging causes of action for common law fraud and deceit, negligent misrepresentation, breach of fiduciary duty and violations of the California Corporations Code.  The action was removed to the Northern District of California on April 3, 2009 pursuant to the District Court's original, nonexclusive jurisdiction over civil proceedings related to Title 11 of the United States Code under Section 1334(b) of the Judicial Code.  *See* Am. Compl. ¶ 17.  On April 17, 2009, the City filed a virtually identical complaint in California Superior Court that was subsequently removed to the Northern District of California on May 5, 2009.  *See* Am. Compl. ¶ 17.  On May 13, 2009,

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 3

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the Judicial Panel on Multidistrict Litigation ordered both actions transferred to this Court for coordination with related pretrial proceedings already underway in this Court.  Am. Compl. ¶ 18.

Plaintiffs filed the Amended Complaint on January 4, 2010.  In addition to the Outside Director Defendants, the Amended Complaint names as defendants Kerry Killinger, Thomas Casey, Stephen Rotella, Ronald Cathcart, David Schneider (collectively, the "Officer Defendants") and WaMu's outside auditor, Deloitte & Touche, LLP.  The Amended Complaint alleges causes of action for fraud and deceit, negligent misrepresentation and violations of the California Corporations Code.

The Amended Complaint alleges that the City and the County purchased and held their interests in WaMu notes based on alleged misrepresentations made by the defendants.  *E.g.*, Am. Compl. ¶¶ 355, 369.  The allegations are almost identical to those in the Federal Securities Litigation and allege that the Officer Defendants made misrepresentations in oral and written statements during WaMu "Investor Days," *e.g.*, Am. Compl. ¶¶ 120, 126, 127, 131, 167, 175, 176, 207; during WaMu earnings calls, *e.g.*, Am. Compl. ¶¶ 165, 169, 177, 180, 186; in WaMu press releases, *e.g.*, Am. Compl. ¶ 169; at WaMu shareholder meetings, *e.g.*, Am. Compl. ¶¶ 171, 179; and at other investor conferences, *e.g.*, Am. Compl. ¶¶ 170, 172, 173, 174, 178, 188, 210. But there are no such allegations of specific oral or written misstatements attributed to the Outside Director Defendants.  The only alleged connection between the Outside Director Defendants and the alleged misrepresentations is that these defendants (along with certain of the Officer Defendants) signed WaMu's publicly filed year-end Forms 10-K for 2005, 2006 and 2007, which plaintiffs allege contained material misstatements and omissions.  Am. Compl. ¶¶ 187, 193, 294.

The Amended Complaint does not allege that the Outside Director Defendants played any role in the day-to-day management of WaMu, let alone were in any way involved in the preparation or issuance of WaMu's financial statements.  *See* Am. Compl. ¶¶ 28-34.  Instead, the Amended Complaint generally alleges that the Outside Director Defendants had access to

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 4

LEGAL17701679.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegedly adverse, nonpublic information about WaMu's risk management activities and "acted to conceal this information, or recklessly authorized and approved the concealment of the same." Am. Compl. ¶¶ 349, 364.  However, there are no allegations regarding how they gained this alleged knowledge or how or why they allegedly concealed this vague, non-specific information.

Moreover, the Outside Director Defendants are not mentioned individually except in the section of the Amended Complaint identifying the parties and in one paragraph identifying each of the Outside Director Defendants as a member of either the Finance Committee or the Audit Committee of the Board of Directors.  Am. Compl. ¶ 338.  Otherwise, the Amended Complaint refers to the Outside Director Defendants collectively as signatories on certain of WaMu's SEC filings, Am. Compl. ¶¶ 187, 193, 294, and in a section generally describing the role of WaMu's Board of Directors and the Board's Finance and Audit Committees.  Am. Compl. ¶¶ 338-344.  The remainder of the Amended Complaint alternates allegations against unspecified "Defendants," *e.g.*, Am. Compl. ¶¶ 116, 127, with specific allegations concerning the Officer Defendants, either individually or as a group, or Deloitte & Touche, LLP.  *E.g.*, Am. Compl. ¶¶ 155, 174, 176, 334.

The Amended Complaint fails to allege that the Outside Director Defendants participated directly in the alleged misconduct giving rise to the alleged misrepresentations.  Also absent from the Amended Complaint are any particularized allegations concerning the substance of meetings involving any of the Outside Director Defendants, materials that were presented to or reviewed by the Outside Director Defendants relating specifically to any of the allegations in the Amended Complaint, specific statements attributed to any of the Outside Director Defendants, or any specific allegations of the Outside Director Defendants' involvement in the day-to-day management of WaMu.

The Amended Complaint contains only two paragraphs that refer to the Outside Director Defendants' purported knowledge with any specificity.  Paragraph 184 alleges that William Longbrake, WaMu's former Vice Chairman of Enterprise Risk Management, Executive Vice

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 5

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

President and CFO, "repeatedly warned the Board (including Board Chairman Killinger) that the housing market was becoming too risky and WaMu should limit its exposure."  And the Amended Complaint alleges that WaMu filed a Schedule 14A on April 3, 2008 stating that "our entire board are and have been actively engaged in formulating and overseeing management's implementation of risk management policies."  Am. Compl. ¶ 344.  But neither of these allegations is sufficiently specific to establish the Outside Director Defendants' scienter, and in any event, these allegations are not specifically tied to any of the alleged misstatements.  Instead, plaintiffs rely on conclusory, boilerplate allegations such as that the Outside Director Defendants "knew that information released to the public and WaMu's continuing course of action with regards to its finances and risk management activities were destructive and could only end in disaster."  Am. Compl. ¶¶ 349, 364.  The Amended Complaint does not allege that any of the Outside Director Defendants sold WaMu stock during the relevant time period, nor does it allege any other motivation for any of the Outside Director Defendants to engage in fraud.

The factual allegations regarding the Outside Director Defendants constitute little more than boilerplate descriptions of the role of directors generally and provide no facts—let alone particularized facts—regarding any connection between the Outside Director Defendants—as a group or individually—and the alleged fraud.

### III.    PLAINTIFFS' ALLEGATIONS AGAINST THE OUTSIDE DIRECTOR DEFENDANTS FAIL TO SATISFY THE PLEADING REQUIREMENTS OF RULE 9(b)

### A.    Rule 9(b) Applies to All Claims Against the Outside Director Defendants

The California common law claims asserted against the Outside Director Defendants are for intentional fraud, Am. Compl. ¶¶ 345-59, and negligent misrepresentation, Am. Compl. ¶¶ 360-72.  Under California law, the elements of a fraud claim which plaintiffs must prove are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity; (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.  *Diaz v. Federal Express Corp.*, 373 F. Supp. 2d 1034, 1066-67 (C.D. Cal. 2005)

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 6

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(internal quotation marks and citations omitted).  The elements of a negligent misrepresentation claim under California law are:  "'(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'"  *Nat'l Union Fire Ins. Co. of Pittsburgh v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50, 89 Cal. Rptr. 3d 473 (2009) (quoting *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243, 70 Cal. Rptr. 3d 199 (2007)).  Although these are state law claims, federal pleading rules apply when such claims are, as here, brought in federal court.  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  In addition, in order to bring a private action for damages under California Corporations Code Section 25400, plaintiffs must allege, with particularity, that the Outside Director Defendants made a knowingly false statement with deliberate intent to manipulate the price of a security pursuant to Section 25500.  *See Kainos Labs., Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998 WL 2016634, at *13 (N.D. Cal. Sept. 14, 1998) (requiring California Corporations Code claim under Section 25500 to be pled with particularity pursuant to Rule 9(b)); *Cal. Amplifier, Inc. v. RLI Ins. Co.*, 94 Cal. App. 4th 102, 109-10, 113 Cal. Rptr. 2d 915 (2001).

Accordingly, the particularized pleading standards of Rule 9(b) apply to each of plaintiffs' three causes of action against the Outside Director Defendants.[1]

**B.      None of Plaintiffs' Claims Against the Outside Director Defendants Satisfies the Pleading Requirements of Rule 9(b)**

Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy Rule 9(b), a complaint must allege "the who, what, when, where and how of the misconduct charged."  *Vess v. Ciba-*

---

[1] The fraud, negligent misrepresentation, and California Corporations Code Section 25400 claims are collectively referred to as the "fraud-based claims" in the remainder of this section.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 7

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). A plaintiff must also provide an "explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Although Rule 9(b) states that "motive, intent, knowledge, and other condition of mind of a person may be averred generally," nothing in the Federal Rules of Civil Procedure relieves plaintiffs of their obligation to plead facts from which an inference of scienter may be drawn. *In re Actimmune Marketing Litig.*, 614 F. Supp. 2d 1037, 1048 (N.D. Cal. 2009). *See Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2006 WL 2868967, *33 (E.D. Cal. Oct. 6, 2006) (dismissing fraud and negligent misrepresentation claims for failure to specifically allege reason why defendant knew or should have known the alleged misstatement was false). This Court's previous determination that the same or similar allegations were sufficient to support non-fraud based claims against the Outside Director Defendants under Rule 8(a) in the Federal Securities Litigation is inapplicable to the analysis of whether the Amended Complaint's allegations satisfy the heightened pleading standards of Rule 9(b). *See In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, 259 F.R.D. 490, 504 (W. D. Wash. 2009). Plaintiffs must satisfy Rule 9(b) with respect to each element of the fraud-based claims against the Outside Director Defendants, and the allegations in the Amended Complaint fail to do so.

Plaintiffs do not even attempt to distinguish one director from another as required to plead fraud with particularity under Rule 9(b). Plaintiffs' claims rest solely on allegations against the Outside Director Defendants as a group or collectively as members of either the Board's Audit Committee or Finance Committee. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)); *see also Morfin v. Accredited Home Lenders, Inc.*, No. 09-CV-792-WQH-BLM, 2010

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-664MJP) [DD-07] – 8

LEGAL17701679.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

WL 391838, at *7 (S.D. Cal. Jan. 26, 2010).  In the context of allegations of fraud against multiple defendants, as here, a plaintiff must at a minimum "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme."  *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).  The Amended Complaint fails to do so.

Although the Ninth Circuit has permitted plaintiffs to utilize the group pleading doctrine as a means of satisfying Rule 9(b)'s particularity requirements, it is permissible against outside directors only where a plaintiff can allege that "outside director[s] either participated in the day-to-day corporate activities, or had a special relationship with the corporation, such as participation in preparing or communicating group information at particular times."  *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995); *see also Kainos Labs.*, 1998 WL 2016634, at *13 (dismissing case against outside directors where plaintiffs made only conclusory allegations regarding involvement of outside directors in corporate decision making); *Kamen v. Lindly*, 94 Cal. App. 4th 197, 208, 114 Cal. Rptr. 2d 127 (2001) (refusing to apply group pleading in statutory fraud case where plaintiffs failed to show that directors were involved in day-to-day affairs of company or had special relationship with company).  Here, plaintiffs fail to allege any involvement by the Outside Director Defendants in WaMu's day-to-day management.  Plaintiffs do not allege any details of their involvement in underwriting, appraisals, risk management or the preparation of financial statements.  The Amended Complaint makes no attempt to surmount the presumption that the Outside Director Defendants do not have day-to-day involvement in WaMu's affairs.  *See, e.g.*, *In re Nat. Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 297-98 (S.D. Ohio 2007) ("Outside directors, by contrast, cannot be assumed to have assisted in preparing, reviewing, or approving offering materials."); *In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1100  (N.D. Cal. 1994) ("By definition, outside directors do not participate in the corporation's day-to-day affairs."), *aff'd*, 95 F.3d 922 (9th Cir. 1996).  The

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 9

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Amended Complaint therefore fails to plead particularized allegations against each of the

Outside Director Defendants pursuant to Rule 9(b).

The only allegation which attempts to connect the Outside Director Defendants to any

alleged misstatement is the Amended Complaint's assertion that the Outside Director Defendants

signed WaMu's Forms 10-K, Am. Compl. ¶¶ 187, 193, 294.  But the bald allegation of the

Outside Director Defendants' signatures on documents which plaintiffs claim contain

misrepresentations is not enough to satisfy the particularity requirements of Rule 9(b) in the

absence of allegations specifically connecting each defendant to the underlying activity which

resulted in the alleged misrepresentation.  *See Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1165 (D.

Ariz. 2005); *Stack v. Lobo*, 903 F. Supp. 1361, 1376 (N.D. Cal. 1995) ("an outside director does

not become liable for the contents of a group published document merely by signing it"); *In re*

*Hienergy Technologies, Inc.,* No. SACV04-1226 DOC, 2005 WL 3071250, at *6 (C.D. Cal. Oct.

25, 2005) (requiring plaintiffs to demonstrate scienter, in addition to a signature on public

document, in order to support fraud claim).

Nor can a plaintiff satisfy Rule 9(b) with vague and conclusory allegations that the

Outside Director Defendants knew about or participated in the wrongdoing.  The Amended

Complaint includes numerous general allegations about "Defendants" followed by specific

alleged misrepresentations attributed to the Officer Defendants.  *E.g.*, Am. Compl. ¶¶ 162, 164 *et*

*seq.*  Allegations lumping the Outside Director Defendants with the other defendants without

providing any detail concerning the Outside Director Defendants fail to comply with Rule 9(b).

*Swartz*, 476 F.3d at 764-765 (dismissing fraud claims against Presidio and DB because

"[c]onclusory allegations that Presidio and DB 'knew that [other defendants] were making . . .

false statements to clients, including Swartz, and thus were acting in concert with [them]' and

'were acting as agents [of the other defendants]' and were 'active participants in the conspiracy'

without any stated factual basis are insufficient as a matter of law").  Vague allegations of

collusive fraud do not meet the requirements of Rule 9(b).

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The few allegations regarding the Outside Director Defendants' alleged knowledge of general business risk such as declining financial results amidst a nationwide housing market collapse are insufficient to satisfy the requirement that plaintiffs plead fraud with specificity.  For example, the Amended Complaint alleges that Longbrake warned the Board that the housing market was risky and that WaMu issued a statement asserting that WaMu's Board was actively involved in risk management.  Am. Compl. ¶¶ 184, 334.  Such allegations say nothing about the Outside Director Defendants' scienter.  *See Sunnyside Development Co., LLC v. Opsys Ltd.*, No. C 05-0553 MHP, 2005 WL 1876106, *5 (N.D. Cal. Aug. 8, 2005) (dismissing allegations of existence of "much evidence" supporting scienter as "conclusory," even taken in light most favorable to plaintiff); *Bains v. Moore*, 172 Cal. App. 4th 445, 467-68, 91 Cal. Rptr. 3d 309 (2009) (finding that evidence that board knew about business challenges faced by company, and that employee had emailed one board member with specifics, was insufficient to conclude that board members knew of actual fraudulent activity carried out by employees).  References to generic risk factors or even a statement about general economic conditions provided to the Outside Director Defendants do not satisfy Rule 9(b), particularly when they are not tied to any specific alleged misstatement attributed to the defendants.  Although the Amended Complaint refers to various alleged "red flags," plaintiffs do not specifically connect any of those alleged "red flags" to the Outside Director Defendants.  *E.g.*, Am. Compl. ¶¶ 154 (Officer Defendants), 261 (Killinger), 333 (Deloitte).  In any event, simply identifying "red flags," standing alone, has no bearing on a defendant's scienter.  *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 2d 452, 487 (S.D.N.Y. 2006) ("Merely labeling allegations as red flags, however, is insufficient to make those allegations relevant to a defendant's scienter.").  Plaintiffs have failed to identify any specific information which was provided to the Outside Director Defendants which would have alerted them to fraud, and plaintiffs do not connect any alleged knowledge on the part of the Outside Director Defendants to any alleged misstatement.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-664MJP) [DD-07] – 11

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Plaintiffs' allegations that the Outside Director Defendants participated in Board committees are also insufficient to satisfy Rule 9(b).  *E.g.*, Am. Compl. ¶¶ 338, 341; *Stack*, 903 F. Supp. at 1376 (concluding that argument that directors were liable for group-published information because they were the sole members of company's audit committee is "unpersuasive"); *In re Syntex*, 855 F. Supp. at 1100 (concluding that allegations that an outside director chaired the corporate defendant's finance and trust revenue committees failed to establish the requisite involvement in the corporation's day-to-day affairs); *In re Ross Sys. Sec. Litig.*, No. C-94-0017-DLJ, 1994 WL 583114, at *6 (N.D. Cal. July 21, 1994) (rejecting allegations that outside directors served on various board committees and signed SEC filings as insufficient to permit group pleading).  Conclusory allegations about Board participation are insufficient to establish a reasonable basis to infer that the Outside Director Defendants knew about, let alone participated in, the issuance of any allegedly false statements.  *See, e.g.*, *In re Silicon Storage Tech., Inc. Shareholder Deriv. Litig.*, No. C 06-3359 JF (RS), 2009 WL 1974535, at *11 (N.D. Cal. July 7, 2009) (rejecting allegations of committee membership as insufficient to establish directors' scienter in options backdating context).

The only alleged connection between the Outside Director Defendants and the alleged misrepresentations and omissions is that the Outside Director Defendants served as outside, independent directors of WaMu, served as members of various Board committees, signed certain of WaMu's publicly-filed documents and may have received generic information about economic conditions.  These allegations fail to provide the detail required by Rule 9(b) to meet the elements of plaintiffs' fraud-based claims, and all of the claims against the Outside Director Defendants should therefore be dismissed.[2]

---

[2] Although the Amended Complaint contains no separate cause of action for aiding and abetting, plaintiffs claim that the Outside Director Defendants have been sued both "as participants and as aiders and abettors."  Am. Compl. ¶ 47.  This does not change plaintiffs' burden, as aiding and abetting liability requires "actual knowledge of the primary violation in which they purportedly participated."  *Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1148, 26 Cal. Rptr. 3d 401 (2005).  This burden is no lower than the burden for pleading direct liability for purposes of the fraud-based claims.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 12

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## IV.    PLAINTIFFS FAIL ADEQUATELY TO ALLEGE RELIANCE

Although the sufficiency of pleading standards for a complaint in federal court are governed by federal law, state law governs whether the pleaded elements state a cause of action. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  To state claims for fraud and negligent misrepresentation under California law, plaintiffs must allege justifiable reliance.  *See supra* at 6-7.

California law requires that reliance be specifically pled by identifying how each plaintiff was exposed to the alleged misrepresentation and how the plaintiff relied upon the alleged misrepresentation to his or her detriment.  *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1099, 23 Cal. Rptr. 2d 101 (1993); *Valencia v. Merck & Co.*, No. 1:07-CV-003880WWGSA, 2009 WL 3365848, at *8 (E.D. Cal. Oct. 16, 2009) (relying on *Mirkin* to reject allegation that plaintiffs "reasonably relied upon [information from defendants] in failing to take appropriate measures to protect themselves" as insufficiently specific); *Nat'l Union Fire Ins. Co. of Pittsburgh*, 171 Cal. App. 4th at 50 ("[T]here is a consensus that the causal elements [of negligent misrepresentation], particularly the allegations of reliance, must be specifically pleaded.").  For purposes of pleading reliance under California law, it is not enough to plead that defendants made misrepresentations to the market with the intent that they be relied on.  *Mirkin*, 5 Cal. 4th at 1099.

Plaintiffs do not even attempt to plead specific reliance on any statements by the Outside Director Defendants as required under California law.  Indeed, the Amended Complaint does not allege plaintiffs' reliance on any statements directly connected to the Outside Director Defendants.  Instead, the Amended Complaint repeatedly and broadly asserts that plaintiffs made purchases "in reliance on Defendants' misrepresentations and omissions."  Am. Compl. ¶¶ 21, 60, 69, 280, 284.  The fraud and negligent representation causes of action repeat a similar assertion that "Plaintiffs reasonably relied on these representations . . . in investing in and continuing to hold the WaMu notes and their reliance was justified."  Am. Compl. ¶¶ 355, 369. Even if the allegations of reliance were connected to the Outside Director Defendants, plaintiffs

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 13

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

fail to allege any details to support their general assertion of reliance on "defendants'" misrepresentations and omissions.  Mere assertion of reliance is inadequate.  The failure to adequately plead reliance requires dismissal of the fraud and negligent misrepresentation claims against the Outside Director Defendants.  *See Mirkin*, 5 Cal. 4th at 1086 (affirming dismissal for failure to properly plead reliance with sufficient specificity).[3]

## V.    PLAINTIFFS' CALIFORNIA CORPORATIONS CODE CLAIMS SHOULD BE DISMISSED

A violation of California Corporations Code Section 25400(d) requires (1) a statement made by one who is selling, offering to sell, purchasing or offering to purchase a security; (2) who has knowledge or reasonable ground to believe a statement is false or misleading; (3) which statement is made for the purposes of inducing the purchase or sale of a security; and (4) made with a specific intent to affect the price of a security.  *See Cal. Amplifier, Inc.*, 94 Cal. App. 4th at 110; *Kamen*, 94 Cal. App. 4th at 208 (2001).  Enforcement of Section 25400 is limited to administrative proceedings initiated by the California Department of Corporations.  *Cal. Amplifier, Inc.*, 94 Cal. App. 4th at 109.  However, Section 25500 establishes a private right to damages for violation of Section 25400 and imposes conditions for recovery that are not included in Section 25400.  *Id.* at 109, 111.[4]  Most specifically, liability under Section 25500 requires an intent to defraud via a knowingly false statement.  *Id.* at 112.  In addition to the

---

[3] Although California recognizes a cause of action for holding a security based on misrepresentations, *see Small v. Fritz Cos., Inc.*, 30 Cal.4th 167, 183-85, 132 Cal. Rptr. 2d 490 (2003), in order to proceed on such a cause of action, a plaintiff must allege specific reliance on the defendants' representations, such as how and when it would have sold the security if it had learned the new information.  *Id.* at 183.  Plaintiffs fail to satisfy this requirement, as the Amended Complaint alleges only in boilerplate text that the City continued to hold its note in reliance on the alleged misrepresentations.  Am. Compl. ¶¶ 355, 369.  Moreover, even if this boilerplate were sufficient to plead reliance, plaintiffs cannot show that such continued reliance in holding their notes was justifiable.  As they characterize events in 2007, the "truth" was revealed when, on November 1, 2007, the New York Attorney General allegedly filed a complaint against WaMu and several outside appraisal companies. Am. Compl. ¶ 286. *See Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1031 (9th Cir. 1992) (applying California law to find it unreasonable to continue to rely on financial statements after plaintiffs knew information to the contrary).

[4] California Corporations Code Section 25500 states, in relevant part:  "Any person who willfully participates in any act or transaction in violation of Section 25400 shall be liable to any other person who purchases or sells any security at a price which was affected by such act or transaction for the damages sustained by the latter as a result of such act or transaction."

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-664MJP) [DD-07] – 14

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

failure to properly plead the Outside Director Defendants' intent to defraud via a knowingly false statement under California Corporations Code Section 25500 with the particularity required under Rule 9(b) as set forth *supra*, plaintiffs' California Corporations Code claims fail for the independent reasons that the Outside Director Defendants are not alleged to have been sellers under Section 25400 and that there is no private cause of action for indirect involvement in alleged wrongful activity under Section 25403.

## A.   The Outside Directors Are Not Alleged to Be Sellers

Section 25400(d) applies to a defendant who is "a broker-dealer or other person selling or offering for sale or purchasing or offering to purchase the security." As interpreted by California courts, this restriction requires that a defendant have *personally* purchased or sold the security. *Kamen*, 94 Cal. App. 4th at 199-200. *Kamen* dismissed an officer from liability because he made false statements only after he sold his stock, and dismissed another who sold no stock—despite the fact that the company executed a $103.5 million convertible note offering during the relevant time period. *See also Murphy v. BDO Seidman LLP*, 113 Cal. App. 4th 687, 705, 6 Cal. Rptr. 3d 770 (2003) (affirming *Kamen*'s limits and holding that accountants who made misstatements were not liable under Section 25400 because they had not purchased or sold shares). Plaintiffs do not allege that any of the Outside Director Defendants sold securities of the type the plaintiffs purchased or were in any way involved in the sales process. Therefore, plaintiffs' cause of action under Section 25400 (and Section 25500) must be dismissed.

## B.   There is No Private Cause of Action Under Section 25403

Plaintiffs also plead a violation of California Corporations Code Section 25403. Am. Compl. ¶ 376. California Corporations Code Section 25403 forbids "knowingly provid[ing] substantial assistance to another person in violation of any provision of the corporate securities law." However, unlike Section 25400, Section 25403 does not have a corresponding private right of action. *See Apollo Capital Fund, LLC v. Roth Capital Partners*, LLC, 158 Cal. App. 4th

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-664MJP) [DD-07] – 15

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

226, 255, 70 Cal. Rptr. 3d 199 (2007). This cause of action must be dismissed against the

Outside Director Defendants because plaintiffs may not bring such a claim.

## VI.   CONCLUSION

For the reasons set forth above, the Outside Director Defendants respectfully request that

plaintiffs' claims against them in the Amended Complaint be dismissed with prejudice.

DATED: February 16, 2010

**PERKINS COIE LLP**

By: *s/Ronald L. Berenstain*
    Ronald L. Berenstain, WSBA #7573
    David F. Taylor, WSBA #25689
    Sean C. Knowles, WSBA #39893
    1201 Third Avenue, Suite 4800
    Seattle, WA 98101-3099
    Phone:    (206) 359-8000
    Fax:      (206) 359-9000
    Email:    rberenstain@perkinscoie.com
            dftaylor@perkinscoie.com
            sknowles@perkinscoie.com

*Attorneys for Defendants Stephen E. Frank,*
*Thomas C. Leppert, Phillip D. Matthews,*
*Michael K. Murphy, William G. Reed, Jr. and*
*Orin C. Smith*

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 16

LEGAL17701679.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I

have mailed the foregoing document via United States first class mail, postage prepaid, to the

non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 16th day of February, 2010.

*s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA, 98101
Phone:         (206) 359-8000
Fax:             (206) 359-9000
Email:         rberenstain@perkinscoie.com
                  dftaylor@perkinscoie.com
                  sknowles@perkinscoie.com

*Attorneys for Defendants Stephen E. Frank,*
*Thomas C. Leppert, Phillip D. Matthews, Michael*
*K. Murphy, William G. Reed, Jr. and Orin C.*
*Smith*

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT  (NO. C09-
664MJP) [DD-07] – 17

LEGAL17701679.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000